**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JATONYA CLAYBORN MULDROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-02150-AGF |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on Plaintiff's motion for remand or, in the alternative, for an order directing Defendants to file an amended notice of removal curing potential jurisdictional defects. ECF No. 6. Defendants oppose the motion or, alternatively, request leave to amend their notice of removal. ECF No. 8. For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff filed this employment discrimination action asserting claims under the Missouri Human Rights Act in the Circuit Court of the City of St. Louis on August 27, 2018. On November 29, 2018, Plaintiff filed a motion for leave to file an amended petition, which added claims of discrimination and retaliation under Title VII. Defendants consented to Plaintiff filing the amended petition and thereafter removed the case to federal court on December 27, 2018. ECF No. 1. On January 2, 2019, the Circuit Court of the City of St. Louis granted Plaintiff's motion for leave to amend.

Plaintiff seeks remand because Defendants' removal was premature, in that it occurred before the state court granted Plaintiff's motion for leave to file an amended petition. That amended petition was the pleading giving grounds for removal. In the alternative, Plaintiff seeks an order from the Court directing Defendants to file an amended notice of removal.

In response, Defendants argue that under Missouri Supreme Court Rule 55.33, pleadings may be amended by leave of the court or by written consent of the adverse party without leave of the court. Defendants argue that they consented in writing to the amended petition, thus rendering their removal timely because it was filed within 30 days after Plaintiff filed her amended petition. In the alternative, Defendants request leave to amend their notice of removal.

## DISCUSSION

This Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

Generally, the time for removal should not commence until the court grants leave to amend, if such leave is required. *Davis v. Bemiston-Carondelet Corp.*, No. 4:05 CV 941 DDN, 2005 WL 2452540, at *4 (E.D. Mo. Oct. 4, 2005); *Svoboda v. Smith & Nephew, Inc.*, 943 Supp. 2d 1018, 1022 (E.D. Mo. May 6, 2013). Here, however, Defendants consented in writing to the amended petition. "Missouri Rule 55.33

expressly does allow an amended pleading without leave of Court." *Merchant ex rel. Berry v. Hueser*, No. 06-4079-CV-C-NKL, 2006 WL 2246436, at *2 (W.D. Mo. Aug. 4, 2006) (citing Mo. R. Civ. P. 55.33) (holding that an amended pleading was properly filed without leave of the court and controlling of the court's analysis regarding remand). And, in their notice of removal, Defendants specifically cite Plaintiff's amended petition as grounds for removing the case to federal court.[1] Thus, under the particular circumstances of this case, Defendants timely filed their notice of removal within 30 days after Plaintiff filed the amended petition, which did not require leave of the court. Plaintiff's motion for remand will be denied.

However, Defendants failed to include in their notice of removal the fact that they consented in writing to the amended petition. Accordingly, the Court will direct Defendants to file an amended notice of removal to include such written consent, thereby implicating Missouri Rule 55.33. *See Binkley v. 3M Co.*, No. 4:18-CV-768 CAS, 2018 WL 3219632, at *1 (E.D. Mo. July 2, 2018) ("after the thirty-day period for removal has expired, the notice [of removal] can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice and cannot add new grounds for removal").

## CONCLUSION

Accordingly,

---

[1]     Plaintiff states in her motion for remand that she does not contest this Court has subject matter jurisdiction to hear her claims under Title VII of the Civil Rights Act, as set forth in the first amended petition.

**IT IS HEREBY ORDERED** that Plaintiff's motion for remand or, in the alternative, order directing Defendants to file an amended notice of removal curing potential jurisdictional defects is **GRANTED in part and DENIED in part**, as set forth above.  ECF No. 6.

**IT IS FURTHER ORDERED** that, on or before **January 25, 2019**, Defendants shall file an amended notice of removal, in accordance with this Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2019.