UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAYTONA MULDROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-02150-AGF |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiff Jaytona Muldrow's motion to compel. ECF Nos. 22, 23. Defendants City of St. Louis ("City") and Michael Deeba, Plaintiff's former supervisor, oppose the motion. ECF No. 24. On October 16, 2019, the Court granted Plaintiff's request for an *in camera* review of the emails at issue. Upon due consideration, the motion to compel will be denied.

## BACKGROUND

Plaintiff filed this lawsuit in Missouri state court, asserting discrimination on the basis of gender (female), in violation of Title VII and the Missouri Human Rights Act, and retaliation. Defendants removed the action to federal court, and the Court entered a Case Management Order on February 26, 2019.

Now, Plaintiff brings this motion to compel the production of two emails,[1] which Defendants have withheld from production, asserting that they are work product and/or

---

[1] The motion to compel seeks the production of five emails. However, three of the emails are duplicates of one another, and the remaining two emails are also duplicates of

1

protected by the attorney-client privilege. Based upon its *in camera* review, it appears that Email 1 was is a forwarded message sent by Deeba to Lieutenant Joe Morici, in which Deeba is requesting information to assist the City's attorney respond to Plaintiff's Charge of Discrimination. The forwarded message contains an email exchange between Deeba and the City's attorney with the specific questions that require an answer.

Email 2 was sent to Deeba by the Executive Aide to the Police Commissioner. The attorney manager of the Police Division's legal department is copied on the email, and the email is alerting Deeba that he will need to meet with the copied attorney about Plaintiff's charge of discrimination.

Plaintiff filed this motion to compel Emails 1 and 2, asserting that they must be produced because, based on the description of the emails in Defendants' privilege log, privilege does not attach or was waived. Specifically, Plaintiff argues that neither the attorney-client or work product privileges is available for Email 1 because it is not a communication between a client and attorney. Plaintiff further argues that Morici is not named in the charge of discrimination, and it is thus unlikely that any communications with him would be protected. Plaintiff also speculates that the contents of the email could include comments by Deeba that would tend to prove Plaintiff's claims of retaliation. Plaintiff further argues that if attorney-client privilege attaches to any portion of the contents of Email 1, that privilege was waived when Deeba forwarded the email to Morici. Lastly, with regard to Email 2, Plaintiff argues that the email is not privileged

---

one another. Accordingly, the Court will refer to the first set of emails (PRIV 35, 154, 155) as "Email 1" and the other two emails (PRIV148, 149) as "Email 2."

merely because it copies an attorney, and Plaintiff maintains that Defendants has not offered enough information to show that the privilege attaches.

Defendants generally contend that all communications exchanged after they received notice that Plaintiff intended to sue them for discrimination are work product. Further, Defendants argue that Email 1 contains a communication between an attorney and a client referencing to potential litigation, and the communication between Deeba and Morici is work product because it is a document prepared by a party in anticipation of litigation. As to Email 2, Defendants claim that it is protected by attorney-client privilege because it is a communication among clients and an attorney, which references anticipated litigation and was made in order to secure legal advice.

On October 16, 2019, the Court determined that an *in camera* review was necessary to determine whether Defendants properly withheld Emails 1 and 2 from discovery. ECF No. 26. It directed Defendants to produce to the Court those documents, and Defendants timely complied.

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The attorney-client privilege affords a client the right to refuse to disclose 'communications between attorney and client made for the purpose of obtaining legal advice.'" *Carr v. Anheuser–Busch Cos.,* 791 F.Supp.2d 672, 674 (E.D. Mo. 2011) (quoting *In re United States*, 590 F.3d 1305, 1309 (Fed. Cir. 2009)).

A municipality may assert the attorney-client privilege in civil proceedings, and principles of corporate attorney-client privilege are applied to municipal employee communications. *See Criswell v. City of O'Fallon, Mo.*, No. 4:06CV01565 ERW, 2008 WL 250199, at *2 (E.D. Mo. Jan. 29, 2008) ("The Court sees no reason why conversations with an attorney, employed on behalf of a municipality, would not be subject to the attorney-client privilege, when all other requirements of the privilege are met."); *see also Ross v. City of Memphis,* 423 F.3d 596, 600-601, 603 (6th Cir. 2005).

> When considering whether communications made by an employee or agent are privileged, the Eighth Circuit has held the attorney-client privilege applies if: (1) the communication was made for the purpose of securing legal advice; (2) the employee making the communication made it at the direction of his corporate supervisor; (3) the supervisor's request was made for the purpose of securing legal advice for the corporation; (4) the subject matter of the communication was within the scope of the employee or agent's corporate duties; and (5) the communication was not disseminated beyond those individuals who needed to know its contents due to the corporate structure.

*Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09CV01252 ERW, 2012 WL 2396423, at *3 (E.D. Mo. June 25, 2012) (citing *In re Bieter Co.,* 16 F.3d 929, 936 (8th Cir. 1994)).

"A given communication might not be protected from disclosure for several principal reasons, nine of which the Court has previously identified: (1) the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; (2) disclosure of the communication to a third party waived its protection; (3) no attorney was involved with the communication and the communication did not reflect privileged advice from an attorney; (4) any attorney involvement was merely as a passive recipient of the communication; (5) the attorney's

4

advice was not legal in nature; (6) the communication was not made for the purpose of obtaining the attorney's legal advice; (7) the communication was made by an employee to whom the privilege does not extend; (8) the communication was not intended to be confidential; and (9) the document is attorney work product, but the party seeking production has demonstrated that the communication is discoverable." *Id.* (citing *Monsanto Co. & Monsanto Tech. LLC v. E.I. Du Pont De Nemours & Co.,* No. 4:09CV00686 ERW, 2011 WL 4408184, at *4 (E.D. Mo. Sept. 22, 2011)).

"The work product privilege's primary purpose is to [ensure] that the representation provided by an attorney to a client is not inhibited by fear that his files will be subject to scrutiny upon demand by an opposing party." *Id.* (citation omitted). The test for determining if the materials assembled were prepared in anticipation of litigation is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* (citation and quotation omitted).

Here, assuming without deciding that both emails are relevant, the Court concludes that neither is subject to disclosure. Email 1 includes in the body of the email a direct communication between Deeba and an attorney, which is protected by the attorney-client privilege. Deeba then communicated with another municipal employee under the direction of the attorney to obtain information required for the attorney to prepare a response to Plaintiff's charge of discrimination. The communication from Deeba is clearly intended to secure legal advice. Further, the communication does not appear to have been disseminated beyond those individuals who needed to know its

contents due to the corporate structure. Based on the contents of the email, Morici had additional information required to prepare the City's official response to the charge of discrimination. This is a protected communication, and the document was prepared because of the prospect of litigation.

As for Email 2, the Court disagrees with Plaintiff's contention that the attorney is a passive recipient to the email. To the contrary, the email is intended to alert Deeba that he must meet with the attorney to provide the attorney with information. The meeting is required for the City to obtain legal advice concerning Plaintiff's lawsuit, which falls squarely within the attorney-client privilege.

Plaintiff cites *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 512 (D. Minn. 1997), in support of her argument that the emails are subject to disclosure. In that case, the defendant's legal department instituted a standing policy for internal investigations of Equal Employment Opportunity Commission grievances. During discovery, the defendant withheld those investigative documents from discovery because they constituted work product. The district court concluded that the investigative documents, although created at the direction of counsel, were generated in the regular course of business pursuant to a standing policy. Thus, the district court found the documents were improperly withheld by the corporate defendant.

Here, there is no evidence that the emails in question were generated pursuant to any official policy or in the regular course of business. Instead, it appears that the emails are privileged communications made for the purposes of securing legal advice regarding

the City's official response to Plaintiff's charge of discrimination. Accordingly, the motion to compel will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **DENIED**. ECF Nos. 22, 23.

**IT IS FURTHER ORDERED** that, unless any party objects, the Court will shred the documents provided for its *in camera* review within **seven (7) days of this Order**.

                                                         AUDREY G. FLEISSIG
                                                         UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2019.