UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JATONYA MULDROW, | ) |
| PLAINTIFF, | ) ) ) |
| v. | ) Case No.: 4:18-cv-02150AGF ) ) |
| CITY OF ST. LOUIS, et al. | ) ) ) ) |
| DEFENDANTS. | ) |

**PLAINTIFF JATONYA CLAYBORN MULDROW'S MOTION TO ENFORCE SETTLEMENT AND ATTORNEY'S FEES**

COMES NOW Plaintiff, Jatonya Clayborn Muldrow, and for her Motion to Enforce Settlement states as follows.

**Background**

1. Plaintiff has filed this cause of action alleging Defendants violated Title VII and the Missouri Human Rights Act, by taking certain adverse employment actions against her.

2. The case was mediated but was not resolved at mediation. The parties recently resumed settlement negotiations in this case. See attached Exhibit One (1).

3. On May 20, 2020, counsel for Defendants sent a monetary settlement offer to Plaintiff's counsel, in response to a counter settle demand sent by counsel for Plaintiff earlier in the day. See attached Exhibit One (1).

4. Plaintiff's counsel agreed to communicate the new offer to Plaintiff and contact defense counsel the following day to discuss. See attached Exhibit One (1).

5. Shortly thereafter, in response, counsel for Defendant sent another email

1

indicating that the City desired any settlement release to include a non-disparagement clause. See attached Exhibit One (1).

6. Counsel for the parties agreed to discuss the non-disparagement clause sought by the City, as well as language sought by Plaintiff in the settlement release to allow her to continue to pursue her pending appeal before the City, on an unrelated matter. See attached Exhibit One (1).

7. Counsel agreed to discuss these issues on May 21, 2020.

8. On May 21, 2020, counsel for the parties discussed the City's monetary settlement offer, along with the City's requested non-disparagement clause and the Plaintiff's request for a carve out for her pending appeal. See attached Exhibit Three (3).

9. During the May 21, 2020 call, counsel for Plaintiff confirmed Plaintiff was accepting the monetary sum being offered by Defendants to settle the case, and the parties should be able to reach an agreement on non-disparagement and the appeal carve out, once Plaintiff's counsel had an opportunity to speak to Plaintiff and review Defendants' proposed settlement language. See attached Exhibit Three (3).

10. During the call, counsel for Defendants indicated she would send a proposed draft of a settlement release, which would include the non-disparagement clause sought by the City and proposed language addressing the Plaintiff's requested "carve out" for her pending appeal. See attached Exhibit Three (3).

11. Shortly after this conversation on May 21, 2020, counsel for Defendants sent a draft settlement release to Plaintiff's counsel for review, which contained the proposed language which had been discussed during the conversation earlier in the morning. Plaintiff's counsel began to review immediately upon receipt, in order to provide proposed changes, if necessary. See attached Exhibit Two (2).

2

12. Within several hours of receiving the draft settlement release, counsel for Plaintiff received an email from counsel for Defendant which stated:

"Unfortunately there have been some allegations of misconduct made against your client and we must withdraw our settlement offer. Once we have had an opportunity to evaluate this information we may be able to resume settlement negotiations. Sorry for any inconvenience." See attached Exhibit Two (2).

**ARGUMENT**

13. Basic principles of contract formation govern the existence and enforcement of an alleged settlement. In re Airline Ticket Comm'n Antitrust Litig., 268 F.3d 619, 623 (8th Cir.2001); Sheng v. Starkey Labs., 53 F.3d 192, 194 (8th Cir.1995). Under Missouri law, a valid settlement agreement need not be in writing. Unless the subject matter of the settlement is governed by the statute of frauds, a court may enforce an oral settlement agreement that contemplates the execution of documents at a later time. Byrd v. Liesman, 825 S.W.2d 38, 39 (Mo.Ct.App.1992).

14. A valid settlement agreement requires a mutuality of agreement, i.e. a "meeting of the minds." Chaganti & Associates, P.C. v. Nowotny, 470 F.3d 1215, 1221 (8th Cir.2006). A court should determine whether such a meeting of the minds took place by "looking to the intentions of the parties as expressed or manifested in their words or acts." Id. An enforceable settlement requires the parties to reach agreement on the material terms of the deal; however agreements that do not expressly resolve ancillary issues may still be enforceable. Sheng v. Starkey Labs., 117 F.3d 1081, 1083 (8th Cir.1997); see also U, 470 F.3d at 1221. A settlement agreement may still be valid and enforceable even if it does not expressly resolve ancillary issues, and thus the fact "that parties left some details for counsel to work out during later

3

negotiations cannot be used to abrogate an otherwise valid agreement." Sherrard v. The Boeing Co., No. 4:13–CV–1015–CEJ, No. 4:14–CV–14–CEJ, 2016 WL 3903212, at *2 (E.D. Mo. July 19, 2016) (quoting Sheng v. Starkey Labs., Inc., 117 F.3d 1081, 1083 (8th Cir. 1997)).

15. An oral agreement to settle a lawsuit is valid, even though not recited in open court on the record. Owen, et al v. Hankins, et. al, 289 S.W.3d 299, 304 (Mo.App.S.D. 2009) (internal citations omitted).

16. A settlement can be valid and enforceable although it contemplates a release being signed later. Owen, 289 S.W.3d at 304.

17. In Leon Industries, Inc., et al. v. I.C.N. Pharmaceuticals, the district court enforced a settlement agreement which had been reached by the parties orally during a meeting. 472 F.Supp.1241, 1242 (E.D.Mo. 1979).

18. One of the Plaintiffs in Leon Industries, Inc. argued the settlement was contingent upon the execution of written agreements, and since it had repudiated the agreement prior to execution, there was no settlement. 472, F.Supp. 1241, 1242. The Court, citing Kukla v. National Distillers Products Company, held that there is no requirement that a settlement agreement be reduced to writing. Id. Citing Kukla, 483 F.2d. 619 (6th Cir. 1973).

19. The Court further held that in order to determine whether the parties intended to be bound by the settlement agreement prior to the execution of a written document, the Court must consider the course of negotiations, agreement on material terms, whether the parties described the settlement as such, and whether any existing disagreements were merely technicalities. Leon Industries, Inc.. 472 Supp. 1241, 1242 (internal citations omitted.) Ultimately, the Court found that the parties had reached an agreement at a meeting in which counsel for all parties had authority to negotiate settlement, and the parties concluded the

4

meeting with full agreement that a settlement had been reached—only the technicalities of the language of the written documents remained. Id.

20. In the present case, Plaintiff, by and through counsel, orally accepted the monetary offer made by the City on May 20, 2020, and the only issue remaining was the technicality of the language of the settlement release, including the non-disparagement clause and the carve out for Plaintiff's pending appeal.

21. Counsel for both parties clearly believed they had reached a settlement agreement, as counsel for Defendant sent a proposed settlement release and Plaintiff's attorney began reviewing.

22. Defendants cannot now seek to rescind its settlement offer, as the material terms had already been accepted by the Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court grant her Motion to Enforce Settlement, for her attorney's fees associated with the bringing of this Motion, and for such further relief as this Court deems just and necessary under the facts and circumstances of this case.

Respectfully Submitted,

**LAW OFFICES OF RICK BARRY, P.C.**

By:/s/Megen I. Hoffman
Rick Barry, #25592MO
Megen I. Hoffman, #  58772MO
Attorneys for Plaintiffs
1034 South Brentwood Blvd., Ste. 1301
St. Louis, MO   63117
Phone:  314.918.8900
Fax:  314.918.8901
rickbarry@rickbarrypc.com
megens@rickbarrypc.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, this 28th day of May, 2020 to:

St. Louis City Counselor's Office
Alexis L. Silsbe
City Hall, Room 314
1200 Market St.
St. Louis, MO 63103

/s/ Megen I. Hoffman